EXHIBIT "A"

Case Number: 16-005288-SC

Filing # 41363607 E-Filed 05/11/2016 03:05:42 PM

A

**IN THE COUNTY COURT**
**IN AND FOR THE 6TH JUDICIAL CIRCUIT**
**PINELLAS COUNTY, FLORIDA**

**CASE NO.:**

**KRISTI PETERSON,**
**Plaintiff,**

**v.**

**HUNTINGTON BANCSHARES INC., D/B/A**
**THE HUNTINGTON NATIONAL BANK,**
**Defendant.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, KRISTI PETERSON, by and through undersigned counsel, and brings this action against the Defendant, HUNTINGTON BANCSHARES INC., D/B/A/ THE HUNTINGTON NATIONAL BANK,, and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and its implementing regulation.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation.

3. Specifically, Plaintiff seeks the remedies provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA, and Section 1024.36 of Regulation X.



***ELECTRONICALLY FILED 05/11/2016 03:05:38 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

True Copy

# EXHIBIT "A"

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under F.S.A. Chapter 34.01(c) because the amount in controversy is less than $100.00 exclusive of interest, costs and attorney's fees.

5. Venue is proper because this is the County where a "substantial part of the events or omissions giving rise to the claim occurred." 12 U.S.C. §2614.

## PARTIES

6. At all material times, Defendant, was and is a foreign company which regularly engages in the business of servicing mortgages in Pinellas County, Florida and has done substantial business in Florida.

7. At all times material hereto Defendant, was and is a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation which is secured by a mortgage on Plaintiffs' property.

## BACKGROUND OF LOAN TRANSACTION

8. The Loan is a federally related mortgage loan as defined by 12 C.F.R. §1024.2(b).

9. Defendant is a servicer within the meaning of the *Real Estate Settlement Procedures Act* ("RESPA") as implemented by Regulation X.

10. In an effort to utilize the protections afforded to consumers by Congress, Plaintiffs through counsel, Korte and Wortman, P.A., caused to be mailed to Defendant a written request for information pursuant to Regulation X (the "RFI"). A copy of the RFI is attached hereto as Exhibit "A".



True Copy

# EXHIBIT "A"

11. The certified mail return receipt shows the tracking number which allows the ability to confirm the date the written request was received. A copy of the certified mail return receipt is attached hereto as Exhibit "B".

12. Having not received a written acknowledgment to Plaintiff's RFI within the required timeframe, a follow up Notice of Error letter (the "NOE") was sent to the Defendant. A copy of the NOE is attached hereto as Exhibit "C".

**<u>Count I: Violation of 12 U.S.C. §2605(k)</u>**

13. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 12.

14. The Loan is a federally regulated mortgage loan as defined by 12 C.F.R. § 1024.2(b).

15. Defendant was obligated to acknowledge receipt of the RFI in writing within five (5) business days. 12 C.F.R. § 1024.36(c).

16. Defendant did not provide this written receipt within the time period provided by 12 C.F.R. § 1024.36(c).

17. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer Prohibitions**
> **(1) In general**
> **A servicer of a federally related mortgage shall not—**
> ...
> (E) fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k).



True Copy

# EXHIBIT "A"

18. Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696, 10714,* fn. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.36 implements Section 6(k)(1)(D)).

19. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter. 12 U.S.C. § 2617.

20. Defendant has failed or refused to comply with 12 C.F.R. § 1024.36(c) in that Defendant did not provide a written acknowledgement to the RFI within the required timeframe.

21. As such, Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

22. Plaintiff is entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred in connection with the RFI. *See* Marais v. Chase Home Finance, LLC, 737 F.3d 711, 721 (6th Cir. 2013) (the Court finding that expenses became actual damages when servicer ignored its statutory duties); Cortez v. Keystone Bank, Inc. 2000 WL 536666, 12 (E.D. Pa. 2000) (the Court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999) (the Court finding that actual damages include costs for correspondence and travel).

# EXHIBIT "A"

23. As a direct and proximate result of Defendant's failure to comply with Regulation X and RESPA, Plaintiff has suffered actual damages. Specifically, Plaintiff has incurred actual damages in certified postage costs of less than $100.00 for mailing the RFI and NOE, and attorney's fees and costs, in an amount to be proven at trial.

24. Plaintiff has hired Korte and Wortman, P.A., for legal representation in this action and has agreed to pay a reasonable attorney's fee.

25. All conditions precedent to bringing this action have been complied with or occurred.

26. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the Court, pursuant to 12 U.S.C. § 2605(f)(3).

**WHEREFORE**, Plaintiff demands judgment against the Defendant for actual damages together with interest, costs and attorney's fees pursuant to 12 U.S.C. § 2605(f), and any other and further relief as this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all counts.

DATED May 11, 2016

Respectfully submitted,

By: /s/ Liz Cline
Liz Cline, Esq.
FBN: 86823
KORTE & WORTMAN, P.A.
Attorneys for Plaintiff
2325 Ulmerton Rd. Suite 16
Clearwater, Florida 33762
Phone: (561) 228-6200
Fax: (561) 245-9075
E-mail: service@kwlawfirm.com

True Copy